UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. 5:22-cr-00251-EJD-1 |
|---|---|
| Plaintiff, | **ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*** |
| v. | |
| BRIAN BRODERICK, | Re: Dkt. Nos. 100, 103, 104, 105, 106, 107, 108, 133 |
| Defendant. | |

On February 12, 2024, the Court held a pretrial conference, during which time it issued several oral rulings on the Government's and Defendant's Motions *in Limine* ("MILs" or "motions"). ECF No. 132. The Court held a second hearing on February 15, 2024, to continue its discussion and issued subsequent oral rulings. ECF No. 140. The Court expands upon those oral rulings here.

## I.   THE GOVERNMENT'S MOTIONS *IN LIMINE*

The Government filed six MILs. *See* Gov. MILs 1–6, ECF Nos. 103–08. Defendant opposed all six motions. *See* Def.'s Opp'n to Gov. MILs ("Def. Opp'n"), ECF No. 116. The Court addresses each in turn.

**A.   Government MIL No. 1 to Exclude Self-Serving Statements Made by Defendant**

The Government moves pursuant to Federal Rule of Evidence ("FRE") 801(d)(2)(A) to exclude any out-of-court statements made by Defendant as inadmissible hearsay. Gov. MIL No. 1, ECF No. 103. Defendant objects to the degree that it is unnecessary for the Court to issue a blanket order to abide by FRE 801 without having the benefit of the specific statements the

Case No.: 5:22-cr-00251-EJD-1
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
1

1  Government seeks to exclude.  Def. Opp'n, at 1–2.

2  The Court **GRANTS** the Government's MIL No. 1.  The Court will issue rulings regarding

3  specific statements as they arise pursuant to the Ninth Circuit's teachings in *United States v.*

4  *Ortega*, 203 F.3d 675, 682 (9th Cir. 2000).

**B.  Government MIL No. 2 to Prohibit Reference to Punishment and Facts that Defendant Does Not Reasonably Anticipate Will Be Supported by the Evidence**

The Government moves pursuant to FRE 402 and 403 to exclude any reference to Defendant's potential sentencing and preclude Defense counsel from referring to Defendant's background character, family circumstances, or other acts that will not be supported by the evidence.  Gov. MIL No. 2, ECF No. 104.  Defendant does not intend to argue to the jury that they should acquit Defendant because of the potential penalties, but objects to the degree that he would be unable to remind jurors of the seriousness of their task and the higher burden placed on the Government in a criminal case.  Def. Opp'n, at 2–3.

The Court **GRANTS** the Government's MIL No. 2 regarding reference to punishment but will allow Defendant to discuss the relevant standards and burden of proof to the jury.  The Court will issue rulings on references to Defendant's background character, family circumstances, or other acts as they arise.

**C.  Government MIL No. 3 to Exclude Evidence of Irrelevant Intent**

The Government moves pursuant to FRE 402 and 403 to exclude any evidence of Defendant's intent or ability to carry out the threat contained in the email at issue.  The Government argues that evidence of intent or ability to carry out the threat is irrelevant because the charge only requires an intent to threaten, and a jury may be confused by "intent to threaten" verse "ability or intent to carry out the threat."  Gov. MIL No. 3, ECF No. 105.  Defendant does not object to excluding evidence of ability to carry out threat, but objects to excluding evidence of intent to carry out the threat if necessary to respond to the Government's evidence.  Def. Opp'n, at 4–5.

The Court **DEFERS** ruling at this time.  Government MIL No. 3 largely concerns evidence

from several YouTube videos of Defendant. At oral argument, the Parties indicated that the YouTube videos are believed to contain evidence regarding Defendant's intent to threaten and Defendant's ability or intent to carry out the threat. Defendant argues that if the Government can introduce these videos, Defendant would like to be able to rebut using evidence that Defendant did not in fact intend for the email to be threatening *or* intend to carry out the threat. The Parties have since indicated at the February 15, 2024, hearing that they plan to meet and confer regarding the YouTube videos. The Court will therefore defer its ruling and permit the Parties to re-raise evidentiary objections regarding the YouTube videos at a later time.

### D.  Government MIL No. 4 to Require Defendant to Proffer Any Argument Regarding Diminished Capacity

The Government moves to prevent Defendant from making a diminished capacity defense without proffering a factual basis prior. Gov. MIL No. 4, ECF No. 106. Defendant argues that he does not intend to ask jurors about diminished capacity at voir dire, but if the evidence at trial supports a diminished capacity instruction, then Defendant will request one at that time, and the Court could issue rulings then. Def. Opp'n, at 5–6.

The Court will **DEFER** ruling on this issue. Defendant does not at present intend to proffer a diminished capacity defense. The Government may re-raise this objection should Defendant seek to make a diminished capacity defense at trial.

### E.  Government MIL No. 5 to Permit Evidence Relevant to Motive, Intent, Lack of Mistake, and Plan Under Rule 404(b)

Again here, the Government seeks to admit several YouTube videos made by Defendant. Gov. MIL No. 5, ECF No. 107. For all the reasons discussed in the Court's analysis of Government MIL No. 3, the Court **DEFERS** ruling on this issue. The Parties may re-raise evidentiary objections regarding the YouTube videos should any issues remain following their meet and confer.

### F.  Government MIL No. 6 to Exclude Testimony of Expert Witness

The Government moves to exclude the evidence of Dr. Greene's testimony. Gov. MIL No. 6, ECF No.108. Since this motion, Defendant has indicated that he will not call Dr. Greene as an

Case No.: 5:22-cr-00251-EJD-1
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
3

expert witness. ECF No. 136. Therefore, the Court finds this motion **MOOT**.

### G. Government's Oral Motion to Release Grand Jury Transcript to Defense

On February 12, 2024, the Government made an oral motion to release the grand jury transcript to Defense Counsel subject to a protective order. *See* ECF No. 132. The Court **GRANTS** the request to release the transcript to Defense Counsel as well as the request for a protective order. Defense Counsel may show the materials to Defendant, but Defendant may not have a copy of the materials. The materials may not be made publicly available.

## II. DEFENDANT'S MOTIONS IN LIMINE

Defendant filed seven MILs. *See* Def. MILs, ECF No. 100. The Government opposed all but one motion. *See* Gov.'s Opp'n to Def. MILs ("Gov. Opp'n"), ECF Nos. 119–25. The Court addresses each in turn.

### A. Defendant MIL No. 1 to Not Read the Indictment or Send the Indictment to the Jury Room

Defendant argues that the indictment may mislead the jury and moves pursuant to FRE 403 for the Court to read a neutral statement summarizing the charge instead. Def. MILs, at 1. The Government does not oppose. Gov. Opp'n to MIL No. 1, ECF No. 119.

The Court **GRANTS** Defendant's MIL No. 1, subject to the Parties submitting a stipulated neutral statement.

### B. Defendant MIL No. 2 to Designate all Government Witnesses under Defendant's Subpoena Unless Released

Defendant moves for the Court to safeguard the availability of Government witnesses by holding them under Defendant's subpoena throughout the duration of the trial. Def. MILs, at 2. The Government opposes a blanket order, arguing that Defendant should request individual subpoenas when necessary. Gov. Opp'n to MIL No. 2, ECF No. 120.

The Court **GRANTS** Defendant's MIL No. 2. The Court will ask both Parties whether a witnesses may be excused subject to recall following their testimony.

Case No.: 5:22-cr-00251-EJD-1
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
4

### C. Defendant MIL No. 3 to Exclude Government Witnesses Except for One Designated Agent from Court During Testimony and Require Designated Agent to Testify First

Defendant moves pursuant to FRE 615 to exclude all testifying Government witnesses except one designated agent, who must testify first. Def. MILs, at 2–4. The Government does not oppose excluding testifying witnesses other than the designated agent but opposes the request that the designated agent testify first, arguing that the Government should be permitted to present testimony when most practical and helpful to its case. Gov. Opp'n to MIL No. 3, ECF No. 121

The Court **GRANTS IN PART AND DENIES IN PART** Defendant's MIL No. 3. The Court will exclude all testifying witnesses except one designated agent, but the Government is permitted to put on the designated agent's testimony when they see fit.

### D. Defendant MIL No. 4 to Preclude Government from Offering Evidence of "Other Acts"

This MIL also concerns the YouTube videos discussed in the Government's MIL Nos. 3 and 5. As discussed above, the Court **DEFERS** ruling on this issue.

### E. Defendant MIL No. 5 to Set Discovery Cut-Off Date and Exclude Evidence Not Produced in Discovery

Defendant moves for a discovery cutoff date of February 12, 2024, and an order that evidence not in discovery is excluded. Def. MILs, at 5–7. In the alternative, during the February 12 hearing, Defendant also requested an order mandating twenty-four-hour notice of new evidence. The Government opposes, arguing that they have complied with discovery obligations and will need the ability to continue disclosing newly discovered evidence if necessary. Gov. Opp'n to MIL No. 5, ECF No. 123.

The Court **GRANTS IN PART AND DENIES IN PART** Defendant's MIL No. 5. The Court orders that all new evidence must be disclosed to the opposing party within twenty-four hours. The Court declines to enter a cut-off date at this time.

### F. Defendant MIL No. 6 to Preclude Agent from Testifying About Emotional Impact of Email

Defendant moves pursuant to FRE 403 to preclude testimony regarding the emotional impact of the email on Agent Salazar, arguing that it is prejudicial and has no probative value—

the Government does not need to prove that the agent was put in fear, only that he personal viewed the communication as threatening. Def. MILs, at 7–8. The Government opposes, arguing that emotional impact is relevant to whether the email was perceived as objectively threatening, and the jurors' reactions to the emotional impact does not outweigh this probative value. Gov. Opp'n to MIL No. 6, ECF No. 124.

The Court will **DEFER** ruling on this issue. This objection is best addressed in real time—although, the Court notes that it will not permit evidence of the email's emotional impact on Agent Salazar which would exceed the purpose of establishing that Agent Salazar perceived the email as threatening.

### G. Defendant MIL No. 7 to Admit Mental Health Evidence from Treating Therapist Mailes and Expert Witness Greene

As the Court discussed in Government MIL No. 6, Defendant no longer plans to admit the testimony of Dr. Greene. As to Jeff Mailes, LMFT, MA, the Parties returned on February 15, 2024, to discuss this request in length.

Mr. Mailes is Defendant's treating therapist. Defendant requests to admit Mr. Mailes's testimony regarding his observations of Defendant's behavior as a lay witness pursuant to FRE 701, not an expert witness pursuant to FRE 702. Def. MILs, at 8–10.

Under FRE 701, lay witnesses may only testify to their observations that are "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702," which governs qualified expert witnesses. FRE 701(c). In the mental health context, courts have generally found that a lay witness may not testify to the mental health diagnosis of another person when that testimony would necessarily rely on scientific, technical or other specialized knowledge. *See, e.g., Crawford v. City of Bakersfield*, 944 F.3d 1070, 1079 (9th Cir. 2019) ("[S]o long as [lay witness] stopped short of opining that [another person] had a mental illness, she was competent to testify about her own observations of and experiences with [that person].") (citing *Frisone v. United States*, 270 F.2d 401, 403 (9th Cir. 1959) (distinguishing between a witness's admissible lay testimony "as to his faulty recollection and poor memory" and inadmissible "testimony as to the

Case No.: 5:22-cr-00251-EJD-1
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
6

existence or treatment of a mental illness serious enough to cause permanent memory impairment," and noting that "only expert testimony will be allowed on technical questions of causation")); *see also Mouradian v. City of Los Angeles*, No. CV213880DMGSHKX, 2023 WL 2558398, at *3 (C.D. Cal. Jan. 25, 2023) ("[O]pinions regarding the basis for a PTSD diagnosis and the symptoms of such a diagnosis would likely require 'scientific, technical, or other specialized knowledge' that would bring such testimony within the scope of Rule 702.").

Originally, Defendant indicated in his MIL No. 7 and during the February 12 hearing that he planned to introduce Mr. Mailes as a therapist to the jury and ask Mr. Mailes to testify to his observations of Defendant and how the behaviors he observed supported his delusional disorder diagnosis. *See* Def. MILs, at 9–10 ("The defense anticipates Mr. Mailes will testify, as a lay witness, to his treatment of Mr. Broderick, and that Mr. Broderick has been diagnosed with a delusional disorder."). The Court expressed apprehension at the hearing. The Court is unaware of, and Defendant has been unable to provide, any case where a treating therapist testified as a lay witness as to a patient's mental health diagnosis. Any statements regarding Defendant's diagnosis or Mr. Mailes's observations as Defendant's treating therapist would necessarily be based on Mr. Mailes's scientific, technical, or other specialized knowledge within the scope of Rule 702. The Court set a second hearing on February 15, 2024, to further discuss this MIL and other evidentiary matters. At the February 15 hearing, Defendant proffered that he would no longer ask Mr. Mailes to testify to any diagnosis or other observations which would be based on his scientific, technical, or other specialized knowledge—Defendant would only seek testimony regarding Mr. Mailes's observations of Defendant's behavior as a lay witness. However, Defendant still requested to introduce Mr. Mailes as Defendant's treating therapist.

For all the reasons discussed during the February 15 hearing, the Court **GRANTS** Defendant's request to admit Mr. Mailes's testimony as a lay witness, provided that the testimony adheres to a very narrow scope which would not be based on Mr. Mailes's scientific, technical, or other specialized background. Mr. Mailes may only testify as a lay witness as to his observations of Defendant's behavior using language which is commonly understood as lay nomenclature, such

Case No.: 5:22-cr-00251-EJD-1
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
7

1   as paranoid and delusional, but not language which would suggest a diagnosis, such as paranoid
2   disorder or delusional disorder.  Mr. Mailes may not be introduced to the jury as a therapist or
3   witness with any scientific, technical, or other specialized background which would educate his
4   testimony, as the Court is concerned this may lead the jury to impermissibly assign a greater
5   weight to Mr. Mailes's testimony than other lay witnesses absent a foundation under FRE 702.
6   Other limitations on Mr. Mailes's testimony include, but are not limited to, any observations made
7   as the result of his training as a therapist; any information which would reveal to the jury his role
8   as Defendant's treating therapist; and any instance whereby Defendants' behavior led Mr. Mailes
9   to any medical conclusion based on his training as a therapist.  The Court's concerns regarding
10  such testimony remains; however, testimony within the confines of these contingencies would not
11  offend FRE 701(c). The Court also notes the timing of Mr. Mailes's observations of Mr. Broderick
12  raises issues of relevancy as to the facts existing at the time of the charged conduct.

### III. 12.2(B) NOTICE, GOVERNMENT'S REQUEST FOR CONTINUANCE TO CONDUCT MENTAL HEALTH EXAMINATION, AND REMOVAL 12.2(B) NOTICE

On January 19, 2024, Defendant filed a notice of intent to introduce expert evidence of Defendant's mental condition in the form of Dr. Greene's testimony pursuant to Federal Rule of Criminal Procedure 12.2(b).  ECF No. 101.

Under Rule 12.2(b), "[i]f a defendant intends to introduce expert evidence relating to a mental disease of defect or any other mental condition of defendant bearing on" the issue of guilt or punishment in a capital case, the defendant must notify the government of this intention and file the notice with the court.  Fed. Rule Crim. Pro. 12.2(b).  If a defendant provides Rule 12.2(b) notice, "the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court." *Id.* Rule 12.2(c)(1)(B).

In the event that the Court permitted Defendant to introduce expert testimony regarding Defendant's mental health, the Government requested reasonable time to retain its own expert and rebut any evidence Defendant intends to introduce at trial.  Gov. MIL No. 6, at 6, ECF No. 108; Gov. Opp'n to Def. MIL No. 7, at 4, ECF No. 125.  During the February 12, 2024, hearing, the

Case No.:   5:22-cr-00251-EJD-1
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
8

Court indicated that the Government is permitted pursuant to Rule 12.2(c) to move for a mental health examination of Defendant in response to Defendant's January 19 notice and would permit a continuance to do so if necessary. On February 12, 2024, the Government filed a motion pursuant to Rule 12.2(c) for a mental examination of Defendant and continuance. ECF No. 133. In response, on February 13, 2024, Defendant filed a notice of withdrawal of the Rule 12.2(b) notice, indicating that he would no longer seek Dr. Greene's expert testimony. ECF No. 136. That same day, the Government filed a supplemental motion indicating that it still sought a mental examination and continuance on the ground that Defendant is still putting Defendant's mental health at issue in his defense with the introduction of Mr. Mailes's testimony. ECF No. 137. On February 14, 2024, Defendant filed an objection to the Government's motion for a continuance and mental health examination. ECF No. 139.

Given that Dr. Greene is no longer testifying as an expert witness, and the Court is permitting Mr. Mailes to testify in a very limited capacity as a lay witness, the Court finds that the Government is no longer entitled to conduct their own mental examination of Defendant under Rule 12.2(c). While it is true that Mr. Mailes's lay testimony regarding his observations of Defendant's paranoid or delusional behavior may very well put Defendant's mental health at issue, Rule 12.2(c) specifically applies only if Defendant "intends to introduce *expert evidence* relating to a mental disease or defect." Fed. Rule Crim. Pro. 12.2(c) (emphasis added). Therefore, the Court **DENIES** the Government's request at this time.

## IV.   CONCLUSION AND ORDERS

For the foregoing reasons, the Court issues the following orders:

- Gov. MIL No. 1, ECF No. 103: **GRANT**
- Gov. MIL No. 2, ECF No. 104: **GRANT**
- Gov. MIL No. 3, ECF No. 105: **DEFER**
- Gov. MIL No. 4, ECF No. 106: **DEFER**
- Gov. MIL No. 5, ECF No. 107: **DEFER**
- Gov. MIL No. 6, ECF No. 108: **MOOT**

Case No.: 5:22-cr-00251-EJD-1
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*

- Gov. Oral Motion to Release Grand Jury Transcript: **GRANT**
- Def. MIL No. 1, ECF No. 100: **GRANT**
- Def. MIL No. 2, ECF No. 100: **GRANT**
- Def. MIL No. 3, ECF No. 100: **GRANT IN PART DENY IN PART**
- Def. MIL No. 4, ECF No. 100: **DEFER**
- Def. MIL No. 5, ECF No. 100: **GRANT IN PART DENY IN PART**
- Def. MIL No. 6, ECF No. 100: **DEFER**
- Def. MIL No. 7, ECF No. 100: **GRANT**
- Gov. Motion to Conduct Exam and Continue, ECF No. 133: **DENY**

**IT IS SO ORDERED.**

Dated: February 20, 2024

EDWARD J. DAVILA
United States District Judge